[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION TO STRIKE #149
The plaintiff seeks to strike each of the special defenses contained in the answer of the defendant Central Medical Emergency Dispatcher (CMED), as being legally insufficient. Each special defense relates to a claim by CMED that it enjoys a form of immunity from liability for the claims alleged in the plaintiff's complaint.
It should be noted at the outset, the court is not deciding in this context whether CMED is a form of municipal entity. Based upon the claims of counsel at oral argument, it appears that a determination of that issue can only be made pursuant to an evidentiary hearing. Thus, this court is considering the claims of the parties in this motion based upon the assumptions that CMED is entitled to assert a claim of municipal immunity.
In the third special defense to count three and the third special defense to count twenty-one, CMED alleges that it is immune from liability pursuant to the common law doctrine of municipal immunity. The court agrees with the claim of the plaintiff that the common law doctrine of municipal immunity has been wholly supplanted by C.G.S. § 52-557n. See Williams v.New Haven, 243 Conn. 768 (1998). Therefore, the third special defense to count three and the third special defense to count twenty-one, should be stricken.
In the second special defense to count three and the second special defense to count twenty-one, CMED alleges that it is immune from liability pursuant to C.G.S. § 52-557n(b)(6) which provides "not withstanding the provisions of subsection (a) of this section, a political subdivision of the State or any employee, officer or agent acting within the scope of his employment or official duties, shall not be liable for damages to CT Page 11265 persons or property resulting from: (6), the act or omission of someone other than an employee, officer of agent of the political subdivision."
Whether the alleged injury was due to the act or omission of someone other than an employee, officer or agent of a political subdivision is a factual issue and thus cannot be decided on the basis of a motion to strike.
In the first special defense to the third count and the first special defense to the twenty-first count, CMED alleges that it is immune from liability pursuant to C.G.S. § 52- 557n(a)(2)(B) which provides that ". . . except as otherwise provided by law, a political subdivision of the state shall not be liable for damages to persons or property caused by . . . negligent acts or omissions which require the exercise of judgment or discretion as an official function of the authority expressly or impliedly granted by law."
In support of the motion to strike these special defenses, the plaintiff points out that case law has developed an exception to this claim of municipal immunity where a failure to act would subject an identifiable person to imminent harm. However, that exception has not been preserved by § 52-557n and thus would be applicable only in an action brought pursuant to C.G.S. §7-465 which is not the case at hand. Furthermore, such exception applies only to an action against a specific municipal employee and not the municipality itself. Despite all of the above, even if that exception were to apply, it involves an issue of fact.
The plaintiff also points out that it has been alleged that CMED's actions were wilful and wanton. Again, such allegations involve factual issues which are not properly resolved on a motion to strike. Thus, the motion to strike cannot be granted as to the first special defense to count three and the first special defense to count twenty-one.
Finally, the plaintiff moves to strike the fourth special defense to count three and the fourth special defense to count twenty-one, which special defenses claim immunity pursuant to C.G.S. § 7-311, which provides:
 "No person, corporation or partnership . . . authorized . . . to receive any report of fire or other emergency, including but not limited to requests for an ambulance CT Page 11266 . . . which agrees to receive and transmit such report . . . shall be liable in any civil action for damage . . . caused by delay in reporting . . . unless such delay is the result of gross negligence. . . ."
The plaintiff claims that such statute is unconstitutional as it abolished a right which existed at common law at the time of the adoption of the state constitution in 1818 without enacting a reasonable alternative to the enforcement of the right. See Moorev. Ganim, 233 Conn. 557, 574 (1995).
However, even if the cause of action asserted by the plaintiff existed at common law prior to 1818, in enacting §7-311 the legislature has provided for a reasonable alternative. In the court's view, in circumstances covered by § 7-311, the legislature has created a cause of action in gross negligence.[1] This conclusion is supported by the plain language of the statute. It is also supported by the legislative history of § 7-311 wherein Senator Jewett stated: ". . . this exempts any person or association which is authorized by the Fire Department or Volunteer Fire Co. to receive reports of fires from liability in a civil action by delay in recording such fire, unlessgross negligence is proved." (Emphasis added.)
The plaintiff also claims that § 7-311 does not extend its protection to CMED. However, this claim also involves factual issues which cannot be decided on a motion to strike.
Therefore, the motion to strike is granted as to the third special defense to count three and the third special defense to count twenty-one, but is denied as to the remaining special defenses.
Thompson, J.